# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JAMES SPANN, JR., | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-394-PPS-MGG |
| vs. | ) |
| CORY LEE WALLACE, | ) |
| Defendant. | ) |

## OPINION AND ORDER

James Spann, Jr., a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against his sister, Cory Lee Wallace. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Spann alleges that his sister put his name on her tax return. [DE 1 at 2.] It appears he is saying that she claimed him as a dependant without his authorization. [*Id.*] But his authorization was not required. *See* IRS Publication 501, https://www.irs.gov/pub/irs-pdf/p501.pdf. Therefore, this does not state a claim.

He also says she put "things" in his name without his permission. [*Id.* at 3.] It appears he is saying she fraudulently obtained credit in his name. [*Id.*] "In order to

state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). However, identity theft is not a constitutional violation and his sister was not acting under color of state law. These allegations, therefore, do not state a claim. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014, 1022-23 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief may be granted.

**SO ORDERED.**

ENTERED: May 23, 2017.      s/ Philip P. Simon  
**PHILIP P. SIMON, JUDGE**  
**UNITED STATES DISTRICT COURT**